# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALEX D. RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:12-cv-0258-JMS-WGH |
| | ) | |
| JOHN C. OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Alex D. Ramos for a writ of habeas corpus must be denied.

## I.

Alex Ramos is confined in this District serving the executed portion of a lengthy sentence imposed by the United States District Court for the Northern District of Illinois following his conviction after a trial by jury, of racketeering, attempted extortion, attempted distribution of cocaine, possession of a firearm in connection with a drug offense, conspiracy to distribute cocaine, and possession of crack cocaine with the intent to distribute. See *U.S. v. Moore,* 363 F.3d 631 (7th Cir. 2004). Ramos then filed motion for relief pursuant to 28 U.S.C. § 2255. That motion was denied. *United States v. Ramos*, 2006 WL 2710664 (N.D.Ill. 2006).

Ramos now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His claim is that his sentence was unreasonable.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal

prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The dispositive question here is whether Ramos' habeas claim permits him to traverse the portal created by § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

Ramos' habeas claim not only, could have been asserted in his motion for new trial, it was. It was rejected. Ramos depends on recent authority to support his argument of sentencing error. That authority is *Alleyne v. United States,* 133 S. Ct. 2151 (2013), but *Alleyne* does not apply retroactively to cases on collateral review. *Simpson v. United States,* 721 F.3d 875 (7th Cir. 2013). Not only is *Simpson* clear, but four district courts have also found that *Alleyne* does not apply retroactively to cases on collateral review. *See United States v. Stanley,* 2013 WL 3752126, at *7 (N.D.Okla. July 16, 2013); *United States v. Eziolisa,* 2013 WL 3812087, at *2 (S.D.Ohio July 22, 2013); *Affolter v. United States,* 2013 WL 3884176, at *2 (E.D.Mo. July 26, 2013); *United States v. Reyes,* 2013 WL 4042508, at *19 (E.D.Pa. August 8, 2013).

Ramos has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Thus, this § 2241 action must now be dismissed with prejudice.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

09/06/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Alex D. Ramos
No. 07547-424
Terre Haute – FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel